FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 AUG 30 PM 12: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES PERKINS | CIVIL ACTION |
| VERSUS | NO: 00-3165 |
| DAYBROOK FISHERIES, INC. | SECTION: "A"(4) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion for New Trial or Alternatively for Judgment Notwithstanding the Verdict (Rec. Doc. 47).** Defendant Daybrook Fisheries, Inc. opposes the motion. The motion was set for hearing on August 28, 2002, at which time the Court heard oral argument. Following oral argument the Court took the matter under advisement as to the Jones Act claim but granted the motion for judgment as a matter of law on the cure claim (medical expenses charged by Dr. Campbell for the finger injury only). The Court having now considered the applicable law, evidence of record, and arguments presented by able counsel is ready to rule on the remaining issues.

As to the Jones Act and unseaworthiness claims, the Court

DATE OF ENTRY
AUG 30 2002

Fee
Process
X Dktd
CtRmDep
Doc. No 54

DENIES the motion for new trial because the jury's verdict was not against the great weight of the evidence. Further, the Court has reviewed Plaintiff's prior statements to Defendant's representatives and the history taken by various health care providers that were contained in the trial exhibits. The Court notes that Plaintiff's assertions as to the cause of his injuries are somewhat inconsistent and are distinguishable from the facts in the Jeter case cited by plaintiff. Thus, the Court finds that the Jeter case is not controlling. Because Plaintiff cannot meet the lesser burden of showing entitlement to a new trial, he cannot meet the even stricter standard required to attain judgment as a matter of law. See Rousseau v. Teledyne Movible Offshore, Inc., 812 F.2d 971 (5th Cir. 1987).

However, for the reasons given in open court, the Court GRANTS the motion for judgment as a matter of law on the cure issue as it pertains to the finger injury. The parties have stipulated that Dr. Campbell's total bill for the finger injury is $35,549.50.

Accordingly;

**IT IS ORDERED** that the **Motion for New Trial or Alternatively for Judgment Notwithstanding the Verdict (Rec. Doc. 47)** is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** as to the Jones Act and unseaworthiness claims and **GRANTED IN PART** as to maintenance and cure claims. Judgment shall issue in favor of

Plaintiff and against defendants in the amount of **$35,549.50**.

New Orleans, Louisiana, this 30th day of AUGUST, 2002.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE